1 | **LAW OFFICE OF DANIEL G. SHAY**
2 | Daniel G. Shay, Esq.
  | California Bar No. 250548
3 | Law Office of Daniel G. Shay
4 | 409 Camino Del Rio South, Ste 101B
  | San Diego, CA  92108
5 | Phone: 619-222-7429
6 | Fax: 866-431-3292
  | danielshay@tcpafdcpa.com
7 |
8 | **GREENWALD DAVIDSON RADBIL PLLC**
  | Jesse S. Johnson (to seek admission *pro hac vice*)
9 | Florida Bar No. 0069154
10| 5550 Glades Road, Suite 500
  | Boca Raton, FL 33431
11| Phone: 561-826-5477
12| Fax: 561-961-5684
  | jjohnson@gdrlawfirm.com
13|
14| *Counsel for Plaintiff and the proposed class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES MORGAN, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant. | Case No.: '16CV2349 JM   MDD<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>JURY TRIAL DEMANDED |

1

Class Action Complaint

## NATURE OF THE ACTION

1. This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code, § 1788, *et seq*.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. Among other things, the FDCPA prohibits debt collectors from using false representations or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e.

4. Upon information and belief, GC Services Limited Partnership ("Defendant") routinely engages in a business practice that violates the FDCPA and the Rosenthal Act. Specifically, in connection with its attempts to collect consumer debts, Defendant fails to disclose whether such debts are accruing interest, and if so, at what applicable rate.

5. As a result of Defendant's violations of the FDCPA, and pursuant to 15 U.S.C. § 1692k, James Morgan ("Plaintiff") brings this case as a class action seeking damages for himself and others similarly situated.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), where the events giving rise to Plaintiff's action occurred in this District, where Plaintiff resided in this District during the relevant events, and where Defendant transacts business in this District.

## PARTIES

8. Plaintiff is a natural person who resides in San Diego County, California. As such, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card debt allegedly owed to American Express (the "Debt").

11. Defendant touts itself as one of the largest providers of accounts receivable solutions in the country. Its principal offices are located at 6330 Gulfton Street, Houston, Texas 77081.

Class Action Complaint

12. Defendant is an entity that at all relevant times was engaged, by use of the mails, telephone and/or credit reporting, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. Upon information and belief, at the time American Express hired Defendant to collect the alleged Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

14. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

15. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Rosenthal Act, Cal. Civ. Code § 1788.2(c).

### FACTUAL ALLEGATIONS

16. On or about September 25, 2015, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

17. A true and correct copy of Defendant's September 25, 2015 communication to Plaintiff is attached as Exhibit A.

18. Defendant's September 25, 2015 letter stated a "BALANCE DUE: **$2,214.29**."

19.  Defendant's September 25, 2015 letter to Plaintiff was its initial communication with Plaintiff.

20.  Defendant did not communicate with Plaintiff within five days of its September 25, 2015 letter.

21.  Thereafter, on December 28, 2015, Defendant sent another written communication to Plaintiff, this time stating a "BALANCE DUE: $2,348.67."

22.  A true and correct copy of Defendant's December 28, 2015 communication to Plaintiff is attached as Exhibit B.

23.  Upon information and belief, Defendant, as a matter of pattern and practice, routinely sends California consumers debt collection communications attempting to collect debts but failing to disclose whether those debts are accruing interest or other charges, and if so, at what applicable rate(s).

## CLASS ACTION ALLEGATIONS

24.  Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons (1) with a California address, (2) to whom Defendant sent an initial debt collection communication, (3) within the year preceding the date of this complaint, (4) and in connection with the collection of a consumer debt, (5) that indicated a "balance due" as a single monetary figure, without stating whether it was (i) a fixed amount that would not be subject to further interest, late fees, or other charges, or (ii) an amount that would continue to grow over time as a result of interest or other fees.

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns.

25.   Upon information and belief, the proposed class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that, upon information and belief, the names and addresses of all members of the class can be identified in business records maintained by Defendant.

26.   Plaintiff's claims are typical of the claims of the members of the class because Plaintiff and all class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff has suffered the same injuries as each member of the class. Like all proposed members of the class, Plaintiff received a written debt collection communication from Defendant that failed to disclose whether interest was accruing, and if so, at what applicable rate.

27.   Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

28.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is likely impracticable. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation may make it impracticable for the members of the class to individually redress the wrongs

done to them. There will be little difficulty in the management of this action as a class action.

29. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class. Among the issues of law and fact common to the class are:

    a. Defendant's failure to disclose whether interest was accruing on the alleged debts it sought to collect;

    b. the existence of Defendant's identical conduct particular to the matters at issue;

    c. the availability of statutory penalties; and

    d. the availability of attorneys' fees and costs.

30. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially-supervised remedy.

**COUNT I: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g(a)(1)**

31. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 30.

32. The FDCPA at § 1692g(a)(1) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;

15 U.S.C. § 1692g(a)(1).

33. As the Seventh Circuit has explained, "[t]he unpaid principal balance is not the debt; it is only part of the debt; the Act requires a statement of the debt." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875-76 (7th Cir. 2000).

34. "The debt," accordingly, includes any "interest and other charges as well as principal." *Id*.

35. Acknowledging this, district courts throughout the country have held that to properly state "the amount of the debt" a debt collector must disclose: (1) "whether interest is in fact accruing, and, if interest is accruing, the amount of interest due on the date the [] letter was sent," *Dupuy v. Weltman, Wienberg & Reis Co.*, 442 F. Supp. 2d 822, 827 (N.D. Cal. 2006); (2) "the effective date as of which [an] amount would suffice to pay off the debt in full," *Dragon v. I.C. Sys., Inc.*, 483 F. Supp. 2d 198, 202 (D. Conn. 2007); (3) "the date as of which the unpaid accrued interest was calculated," *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. CIV.A. 07-5139, 2008 WL 2885887, at *6 (D.N.J. July 23, 2008); and (4) the "applicable interest rate." *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010), *adhered to on reconsideration*, No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr. 11, 2012).

36. These courts held as much with the understanding that a debt collector does not comply with § 1692g "merely by inclusion of the required debt validation

notice; the notice Congress required must be conveyed effectively to the debtor." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

37. Here, Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully disclose the amount of the Debt through its September 25, 2015 communication with Plaintiff, or within five days thereof.

38. In particular, Defendant did not disclose through its September 25, 2015 communication with Plaintiff, or within five days thereof, (i) whether interest was in fact accruing, and, if so, the amount of interest due as of the date of its initial communication, (ii) the effective date as of which an amount would suffice to pay off the Debt in full, (iii) the date as of which any unpaid accrued interest was calculated, or (iv) the applicable interest rate, if any.

39. Upon reviewing the September 25, 2015 communication, Plaintiff was not aware that the alleged debt Defendant sought to collect was accruing interest or other charges.

40. The harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally, regarded his personal alleged debt, and was materially misleading under the FDCPA. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand the amount of the debt alleged to be owed, and potentially causing lost opportunities to dispute or settle the debt. In addition, Defendant's actions

invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**COUNT II: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)**

41.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 30.

42.     The FDCPA at § 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

43.     "[A] letter may confuse even though it is not internally contradictory. Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

44.     Thus, sending a collection notice which states a consumer's "current balance" or "balance due," but does not disclose that such balance may increase due to the accrual of interest and/or other fees, is a "false, misleading, or deceptive" practice

prohibited by § 1692e. *See Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

45. Here, Defendant violated 15 U.S.C. § 1692e(10) by sending Plaintiff debt collection communications that stated the "balance due" on the alleged debt, but did not disclose that this balance might increase due to interest and other fees. *See id.* ("The collection notices at issue here stated only the 'current balance' but did not disclose that the balance might increase due to interest and fees. Thus, Plaintiff has stated a claim that these notices were 'misleading' within the meaning of Section 1692e.").

46. That is, the September 25, 2015 letter stated a "BALANCE DUE" of $2,214.29 but nowhere disclosed that such balance may increase due to the accrual of interest charges. *See* Ex. A.

47. Three months later, Defendant's December 28, 2015 letter stated a "BALANCE DUE" of $2,348.67—approximately $134 higher than the balance listed in the prior letter—but, again, nowhere disclosed that such balance may increase due to additional interest charges. *See* Ex. B.

48. Upon reviewing the communications from Defendant, Plaintiff was not aware that the alleged debt Defendant sought to collect had been accruing, and was continuing to accrue, interest or other charges.

49. The harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally, regarded his personal alleged

debt, and was materially misleading under the FDCPA. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand the amount of the debt alleged to be owed and potentially causing lost opportunities to dispute or settle the debt. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**COUNT III: VIOLATION OF THE ROSENTHAL ACT,
CAL. CIV. CODE § 1788.17**

50. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30.

51. The Rosenthal Act at § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

52. Defendant violated Cal. Civ. Code § 1788.17 by violating §§ 1692g(a)(1) and 1692e(10) of the FDCPA.

53. The harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally, regarded his personal alleged debt, and was materially misleading under the FDCPA. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing

Class Action Complaint

them to misunderstand the amount of the debt alleged to be owed, and potentially causing lost opportunities to dispute or settle the debt. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

    a.    Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

    b.    Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(a)(1) and 1692e(10), and Cal. Civ. Code § 1788.17;

    c.    Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.17;

    d.    Enjoining Defendant from future violations of 15 U.S.C. §§ 1692g(a)(1) and 1692e(10), and Cal. Civ. Code § 1788.17, with respect to Plaintiff and the class;

    e.    Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

    f.    Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

    g.    Awarding other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date:  September 16, 2016          LAW OFFICE OF DANIEL G. SHAY

By: *s/ Daniel G. Shay*
Daniel G. Shay, Esq.
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108

*Counsel for Plaintiff and the proposed class*